# Third District Court of Appeal
## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2442
Lower Tribunal No. F85-16798A
_____

**Jessie Ramirez,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Jessie Ramirez, in proper person.

James Uthmeier, Attorney General, for respondent.

Before FERNANDEZ, LINDSEY, and GOODEN, JJ.

PER CURIAM.

Petitioner Jessie Ramirez seeks a writ of habeas corpus attacking his

1987 convictions for first degree murder and kidnapping.  He asserts that a

complete record on appeal, which included transcripts from all hearings and trial proceedings, was not submitted on his direct appeal. Because this argument is procedurally barred and without merit, we deny the petition. See Thompson v. State, 759 So. 2d 650, 660 (Fla. 2000) ("Thompson contends that this Court was not provided with an adequate record during the direct appeal because some pretrial hearings and bench conferences were not transcribed and included in the appellate record. Because Thompson did not raise any inadequacy in the appellate record during direct appeal, his postconviction claim on this basis is procedurally barred."); see also Barwick v. State, 88 So. 3d 85, 108 (Fla. 2011) ("Similarly, because Barwick has failed to specifically identify any errors that occurred as a result of the alleged omissions in the record, we deny this claim."); Henry v. State, 937 So. 2d 563, 577 (Fla. 2006) ("Therefore, without any specificity as to how Henry has been prejudiced by the omissions in the record, denial of this claim is warranted under the applicable law."); Pardo v. State, 941 So. 2d 1057, 1073 (Fla. 2006) ("He is not entitled to relief because he has not identified any errors occurring during the proceedings that were not transcribed.").

Petition denied.